UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL LAMAR GREGORY,

    Petitioner,                  Civil Case No. 4:17-cv-13619

v.                                      Honorable Linda V. Parker

ERICK BALCARCEL,

    Respondent.
_____/

# OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Earl Lamar Gregory ("Petitioner") was convicted of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and now seeks a writ of habeas corpus under 28 U.S.C. § 2254. The sole ground for relief is that the evidence at trial was insufficient to support the jury's verdict. Respondent urges the Court to deny relief because the state appellate court's decision was objectively reasonable. The Court agrees. Accordingly, the Court is denying the petition.

## I. Background

Petitioner was charged with sexually penetrating a six-year-old girl, referred to as "WR." WR was seven years old when she testified at Petitioner's trial in Oakland County Circuit Court. As described by the state court:

The events that gave rise to defendant's conviction occurred in June of 2013, when defendant accompanied his caregiver, AR, and another person[1] on an overnight trip from Ohio, where defendant resided, to Michigan pursuant to their involvement in a stage play put on by AR. The party stopped on the way home to see AR's cousin, YW, at YW's house. Also present were several other people, including YW's daughter, who was six years old at the time, WR. AR testified that defendant was only out of his eyesight when defendant went to the bathroom. At some point, YW noticed that WR was acting uncharacteristically quiet and standoffish, and she reacted with apparent disgust to defendant saying "there's my girl" to her. YW asked WR what was wrong, and she replied that "that man is trying to get me to do nasty things," pointing to defendant. YW took [WR] aside and [WR] explained that defendant had kissed her and touched her buttocks. Later that evening, WR also told YW that defendant had made her perform oral sex on him. At trial, WR specified that the events took place in the bathroom. The next day, YW took WR to the police to report the incident, and she was directed to take WR to the hospital for a pediatric forensic examination; she was subsequently also referred to Care House for an interview and counseling. A few days before defendant's preliminary examination, WR further disclosed that defendant had also licked her vagina.

*People v. Gregory*, No. 326567, 2016 WL 3030878, at *1 (Mich. Ct. App. May 26, 2016) (footnote in original).

There was additional evidence introduced at trial that Petitioner was a high-functioning developmentally disabled individual, but he could read and communicate. He resided in an assisted living home with 24-hour supervision. He wrote and recited rap music, and he performed several times in AR's play.

---

[1] Other than his name, there is no testimony from or regarding the other person.

At Petitioner's trial, an Ohio detective, David Williams, testified that he and another detective interviewed Petitioner on July 29, 2013. At first, Petitioner denied being in the bathroom with WR on the day in question, and when the detectives informed him of WR's allegations, he denied the accusation or stated that he did not remember anything like that happening.

According to Detective Williams, about halfway through the interview, Petitioner stated that WR had followed him into the bathroom, given him a hug, kissed him on the lips, and that he returned the kiss. Detective Williams told Petitioner that WR was saying she licked and sucked Petitioner's private. Detective Williams then asked Petitioner, "Is that correct" or "Is that accurate?" Petitioner answered "Yes," and also stated that he had not ejaculated. Petitioner, however, never described the conduct that he was charged with doing and, at one point, said, "Let me tell you like this, I didn't do it."

During the interview, Petitioner volunteered information that he had a mother and sister. Further, Petitioner stated that he felt badly about the incident and did not know why he does what he does. He also told the detectives that, if given a chance to talk to his relatives, he would tell them he was sorry.

Petitioner did not testify at trial or produce any witnesses. His defense was that he was innocent of the charged offense and that, at most, he was guilty of inappropriately kissing WR.

3

The trial court instructed the jury on first-degree criminal sexual conduct and on the lesser charge of second-degree criminal sexual conduct. On November 18, 2014, the jury found Petitioner guilty, as charged, of first-degree criminal sexual conduct. On January 15, 2015, the trial court sentenced Petitioner to prison for twenty-five to forty years, with credit for 511 days.

The Michigan Court of Appeals affirmed Petitioner's conviction. *Gregory*, 2016 WL 3030878, at *1. On December 28, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Gregory*, 888 N.W.2d 82 (Mich. 2016). Petitioner filed the instant pro se federal habeas corpus petition on November 6, 2017.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal habeas petitioners who challenge

> a matter "adjudicated on the merits in State court" to show that the relevant state court "decision" (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Deciding whether a state court's decision "involved" an unreasonable application of federal law or "was based on" an unreasonable determination of fact requires the federal habeas court to "train its attention on the particular reasons—both legal and factual— why state courts rejected a state prisoner's federal claims," *Hittson v. Chatman,* 576 U.S. --, --, 135 S.Ct. 2126, 2126, 192 L.Ed.2d 887 (2015) (GINSBURG, J., concurring in denial of certiorari), and to give appropriate deference to that decision, *Harrington v. Richter,* 562

U.S. 86, 101-102, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011).

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018). When, as in this case, the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id*. at 1192.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). (internal quotation marks and citation omitted). In fact, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well

5

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

### III. Analysis

Petitioner alleges that he was denied due process of law because the prosecution's case did not rise to the level of proof beyond a reasonable doubt. Petitioner maintains that there was no credible and reliable evidence to support the testimony that he put his penis in WR's mouth while four other adults and four children besides WR were present in the home.

The Michigan Court of Appeals rejected Petitioner's challenge to the sufficiency of the evidence and disagreed with Petitioner's argument that WR's testimony should not be believed. The Court of Appeals concluded that WR's testimony satisfied the elements of the charged offense.

### A. Clearly Established Federal Law

The Due Process Clause of the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every

6

fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Following *Winship*, the critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphases in original).

Under AEDPA, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited." *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018). The Supreme Court has "made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*).

First, it is the responsibility of the jury to decide what conclusions should be drawn from the evidence admitted at trial. *Id*. "And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.

7

The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.*

> "[T]his standard is difficult to meet," no doubt, but "that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011). "[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03, 131 S. Ct. 770 (internal quotation marks and citation omitted).

*Thomas*, 898 F.3d at 698.

### B. Application

The *Jackson* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. First-degree criminal sexual conduct, as charged in this case, required the prosecution to prove that WR was under the age of thirteen at the time of the incident, that Petitioner was over the age of seventeen, and that Petitioner sexually penetrated the complainant. Mich. Comp. Laws §§ 750.520b(1)(a) and 750.520b(2)(b); *People v. Lockett*, 814 N.W.2d 295, 307 (Mich. Ct. App. 2012).

"'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. . . ." Mich. Comp. Laws § 750.520a(r). "In criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated." *People v. Solloway,* N.W.2d 255, 262 (Mich. Ct. App. 2016) (citing

8

*People v. Brantley,* 823 N.W.2d 290 (Mich. Ct. App. 2012), and Mich. Comp. Laws § 750.520h), *leave to appeal denied*, *Solloway*, 894 N.W.2d 604 (Mich. 2017).

The parties' ages were not in dispute here. Moreover, WR testified that, on the day in question, Petitioner beckoned her into the bathroom, asked her to close the door, and then told her to suck his penis. Because he was seated on the toilet, she got on her knees and sucked his penis. (11/17/14 Trial Tr. at 256-65.) When the prosecutor asked WR at trial whether Petitioner's penis was inside or outside her mouth, WR answered that Petitioner's penis went inside her mouth and that she "almost choked." *Id*. at 262. This testimony, when viewed in a light most favorable to the prosecution, was sufficient to support the jury's finding that Petitioner sexually penetrated WR.

Although Petitioner implies that WR's testimony was not credible, "[a]ttacks on witness credibility . . . 'are simpl[y] challenges to the quality of the government's evidence and not the sufficiency of the evidence." *United States v. Taylor*, 800 F.3d 701, 712 (6th Cir. 2015) (quoting *United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir. 1999)) (alterations added). In addition, an assessment of a witness's credibility generally is "beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). A reviewing court does not redetermine the credibility of witnesses

9

whose demeanor has been observed by the trier of fact. *Id.* (citing *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983)). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Id.* (citing *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992)).

The Michigan Court of Appeals rejected Petitioner's sufficiency of the evidence claim, reasoning:

> The prosecution presented ample evidence from which a rational jury could conclude that WR's testimony was credible and established the essential elements of CSC-I. Though the details of WR's description of the events varied over time, within hours of the occurrence WR did indicate that defendant made her perform oral sex on him. Thereafter, WR continued to maintain that she performed fellatio on defendant and testified to this effect at trial. The consistency in this detail of WR's recollection—which is, after all, the crux of the charge—can easily justify the jury's finding that WR's testimony was credible.

*Gregory*, 2016 WL 3030878, at *2. The Court of Appeals also noted that, even though WR's testimony did not have to be corroborated,

> the prosecution offered evidence from other witnesses to support WR's claims. For example, AR testified that defendant did leave the kitchen to use the bathroom. YW described WR's uncharacteristically negative reaction to defendant after the occurrence. YW also recalled that, after the incident, WR drew a picture of a man with an erect penis, including pubic hair, and said, "[T]his is what the man made me do." Her testimony alone would be sufficient, but additional evidence nonetheless bolsters it.

*Id.*

The state court's ultimate conclusion that there was sufficient evidence to support the jury's verdict was neither contrary to, nor an unreasonable application of, *Jackson*. Thus, Petitioner is not entitled to relief on his claim.

### IV. Conclusion

The state appellate court's adjudication of Petitioner's claim was objectively reasonable and not so lacking in justification that there was an error beyond any possibility for fairminded disagreement.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claim, nor conclude that the sole ground for relief deserves encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* if he appeals this decision, because he was allowed to proceed *in forma*

*pauperis* in this Court, and an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 8, 2019